IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS LAWRENCE HAMLEY, | CASE NO. CV-F-03-6033 WMW HC |
| Petitioner, | MEMORANDUM OPINION AND ORDER RE PETITION FOR WRIT OF HABEAS CORPUS |
| vs. | |
| LESLIE BLANKS, WARDEN | |
| Respondent. | |

Petitioner is a state prisoner proceeding with counsel in a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The parties have consented to the jurisdiction of the magistrate judge.

**PROCEDURAL HISTORY**

Following a jury trial in Kern County Superior Court, Petitioner was convicted of a total of eight counts of lewd and lascivious acts against two children, each under fourteen years of age, and was sentenced to served a total of twenty years in state prison.

Petitioner filed a direct appeal from his conviction with the California Court of Appeal, Fifth Appellate District ("Court of Appeal"). The Court of Appeal affirmed the conviction in an unpublished opinion filed January 4, 2000. The California Supreme Court subsequently denied Petitioner's petition for review on March 24, 2000.

Petitioner filed petitions for writ of habeas corpus in the Sacramento Superior Court, the California Court of Appeal for the Third District, and the California Court of Appeal for the Fifth

District, all of which were denied. Petitioner then filed a petition for writ of habeas corpus in Kern County Superior Court, the California Court of Appeal for the Fifth Appellate District, and the California Supreme Court, all of which denied his petition.

## FACTUAL BACKGROUND

The court finds the Court of Appeal correctly summarized the facts in its January 4, 2000 unpublished opinion in case number F028152. Thus, the court adopts the factual recitations set forth by the California Court of Appeal, Fifth Appellate District.

## STANDARD OF REVIEW

Jurisdiction

Relief by way of a petition for writ of habeas corpus extends to a person in custody pursuant to the judgment of a state court if the custody is in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a); 28 U.S.C. § 2241(c)(3); Williams v. Taylor, 120 S.Ct. 1495, 1504 fn.7 (2000). Petitioner asserts that he suffered violations of his rights as guaranteed by the United States Constitution. In addition, the conviction challenged arises out of the Kern County Superior Court, which is located within the jurisdiction of this court. 28 U.S.C. § 2254(a); 2241(d). Accordingly, the court has jurisdiction over the action.

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which applies to all petitions for writ of habeas corpus filed after its enactment. Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997), *cert. denied,* 522 U.S. 1008, 118 S.Ct. 586 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (quoting Drinkard v. Johnson, 97 F.3d 751, 769 (5th Cir.1996), *cert. denied,* 520 U.S. 1107, 117 S.Ct. 1114 (1997), *overruled on other grounds by* Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059 (1997) (holding AEDPA only applicable to cases filed after statute's enactment). The instant petition was filed on July 31, 2003, after the enactment of the AEDPA, thus it is governed by its provisions.

Standard of Review

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

The AEDPA altered the standard of review that a federal habeas court must apply with respect to a state prisoner's claim that was adjudicated on the merits in state court. Williams v. Taylor, 120 S.Ct. 1495, 1518-23 (2000). Under the AEDPA, an application for habeas corpus will not be granted unless the adjudication of the claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding." 28 U.S.C. § 2254(d); Lockyer v. Andrade, 123 S.Ct. 1166, 1173 (2003) (disapproving of the Ninth Circuit's approach in Van Tran v. Lindsey, 212 F.3d 1143 (9th Cir. 2000)); Williams v. Taylor, 120 S.Ct. 1495, 1523 (2000). "A federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." Lockyer, at 1174 (citations omitted). "Rather, that application must be objectively unreasonable." Id. (citations omitted).

While habeas corpus relief is an important instrument to assure that individuals are constitutionally protected, Barefoot v. Estelle, 463 U.S. 880, 887, 103 S.Ct. 3383, 3391-3392 (1983); Harris v. Nelson, 394 U.S. 286, 290, 89 S.Ct. 1082, 1086 (1969), direct review of a criminal conviction is the primary method for a petitioner to challenge that conviction. Brecht v. Abrahamson, 507 U.S. 619, 633, 113 S.Ct. 1710, 1719 (1993). In addition, the state court's factual determinations must be presumed correct, and the federal court must accept all factual findings made by the state court unless the petitioner can rebut "the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); Purkett v. Elem, 514 U.S. 765, 115 S.Ct. 1769 (1995); Thompson v. Keohane, 516 U.S. 99, 116 S.Ct. 457 (1995); Langford v. Day, 110 F.3d 1380, 1388 (9th Cir. 1997).

A petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731, 111 S.Ct. 2546, 2554-55 (1991); Rose v. Lundy, 455 U.S. 509, 518, 102 S.Ct. 1198, 1203 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1163 (9th Cir. 1988).

1    A petitioner can satisfy the exhaustion requirement by providing the highest state court with a
2 full and fair opportunity to consider each claim before presenting it to the federal court. Picard v.
3 Connor, 404 U.S. 270, 276, 92 S.Ct. 509, 512 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir.
4 1996). A federal court will find that the highest state court was given a full and fair opportunity to hear
5 a claim if the petitioner has presented the highest state court with the claim's factual and legal basis.
6 Duncan v. Henry, 513 U.S. 364, 365, 115 S.Ct. 887, 888 (1995) (legal basis); Kenney v. Tamayo-Reyes,
7 504 U.S. 1, 112 S.Ct. 1715, 1719 (1992) (factual basis).

8    When the California Supreme Court's opinion is summary in nature, this Court "looks through"
9 that decision and presumes it adopted the reasoning of the California Court of Appeal, the last state court
10 to have issued a reasoned opinion. See Ylst v. Nunnemaker, 501 U.S. 797, 804-05 & n. 3, 111 S.Ct.
11 2590, 115 L.Ed.2d 706 (1991) (establishing, on habeas review, "look through" presumption that higher
12 court agrees with lower court's reasoning where former affirms latter without discussion); see also
13 LaJoie v. Thompson, 217 F.3d 663, 669 n. 7 (9th Cir.2000) (holding federal courts look to last reasoned
14 state court opinion in determining whether state court's rejection of petitioner's claims was contrary to
15 or an unreasonable application of federal law under § 2254(d)(1)).

**DISCUSSION**

<u>Ineffective Assistance of Trial Counsel for Failure to Advise Petitioner re Surgical Castration as Mitigating Factor</u>

Petitioner contends that he was deprived of effective assistance of counsel because his trial counsel failed to advise him of the "option" of surgical castration as a potential mitigating factor. Petitioner claims that before the entry of judgment and sentencing, he specifically asked counsel about the possibility of taking any measures that might be considered by the court as mitigating factors or sentencing alternatives. Petitioner raised the example of Depo-Provera treatments. Petitioner claims that counsel stated that this was impossible and Petitioner should "forget it." Petitioner now contends that most significantly, his trial counsel failed to suggest the possibility of surgical castration. Petitioner states that he has learned of cases in which defendants convicted of similar crimes were given substantial credit for their willingness to undergo such a procedure. He claims that trial counsel was

4

ineffective for failing to advise Petitioner about this procedure and that Petitioner was thereby prejudiced.

The law governing ineffective assistance of counsel claims is clearly established for the purposes of the AEDPA deference standard set forth in 28 U.S.C. § 2254(d). Canales v. Roe, 151 F.3d 1226, 1229 (9th Cir. 1998.)  In a petition for writ of habeas corpus alleging ineffective assistance of counsel, the court must consider two factors. Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064 (1984); Lowry v. Lewis, 21 F.3d 344, 346 (9th Cir. 1994).  First, the petitioner must show that counsel's performance was deficient, requiring a showing that counsel made errors so serious that he or she was not functioning as the "counsel" guaranteed by the Sixth Amendment. Strickland, 466 U.S. at 687.  The petitioner must show that counsel's representation fell below an objective standard of reasonableness, and must identify counsel's alleged acts or omissions that were not the result of reasonable professional judgment considering the circumstances. Id. at 688; United States v. Quintero-Barraza, 78 F.3d 1344, 1348 (9th Cir. 1995).  Judicial scrutiny of counsel's performance is highly deferential.  A court indulges a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. Strickland, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064 (1984); Sanders v. Ratelle, 21 F.3d 1446, 1456 (9th Cir.1994).

Second, the petitioner must demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result ... would have been different," 466 U.S., at 694. Petitioner must show that counsel's errors were so egregious as to deprive defendant of a fair trial, one whose result is reliable. Strickland, 466 U.S. at 688.  The court must evaluate whether the entire trial was fundamentally unfair or unreliable because of counsel's ineffectiveness. Id.; Quintero-Barraza, 78 F.3d at 1345; United States v. Palomba, 31 F.3d 1356, 1461 (9th Cir. 1994).

A court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the petitioner as a result of the alleged deficiencies. Strickland, 466 U.S. 668, 697, 104 S.Ct. 2052, 2074 (1984).  Since the defendant must affirmatively prove prejudice, any deficiency that does not result in prejudice must necessarily fail. However, there are certain instances which are legally presumed to result in prejudice, e.g., where there has been an actual or constructive denial of the assistance of counsel or where the State has interfered with counsel's assistance. See Strickland, 466

U.S. at 692; <u>United States v. Cronic</u>, 466 U.S., at 659, and n. 25, 104 S.Ct., at 2046-2047, and n. 25 (1984).

Ineffective assistance of counsel claims are analyzed under the "unreasonable application" prong of <u>Williams v. Taylor</u>, 529 U.S. 362 (2000). <u>Weighall v. Middle</u>, 215 F.3d 1058, 1062 (2000). With this standard in mind, the Court now turns to each of Petitioner's claims of ineffective assistance of counsel.

In its July 17, 2001 opinion, the Sacramento Superior Court denied Petitioner's petition for writ of habeas corpus as untimely. It also, however, addressed the merits of Petitioner's contention as as follows:

> Petitioner claims that trial counsel failed to investigate and/or advise him of the option of surgical castration as a factor in mitigation for sentencing. He now claims has [sic] he been presented with that option, he would have undergone the procedure in exchange for a reduction in his prison sentence. Petitioner cites Penal Code section 645 as statutory "authority" for using surgical castration as a mitigating factor in sentencing. Section 645 says nothing more than that if a defendant undergoes surgical castration, mandatory or discretionary chemical castration during parole will not apply. There is no evidence that counsel was deficient for failing to investigate the issue. There is no evidence that a reasonable attorney would have investigated or advised of this option. Petitioner cites two unpublished trial level cases in which surgical castration was used as a mitigating factor. Two examples do not set forth a standard for professional conduct. Moreover, there is no credible evidence of prejudice. First, there is nothing to indicate that the sentencing court would, in fact, have taken the surgical castration into account in determining Petitioner's sentence. Second, Petitioner's claim that he would have undergone and still would undergo a permanent medical procedure in exchange for a reduction of sentence is not credible in light of the fact that the sentencing court might not have taken the procedure into account, or even if it had, the effect the procedure would have had on the sentence is unknown. In the absence of any showing that counsel's actions were unreasonable under the circumstances or that he was actually prejudiced, Petitioner's claim is without merit.

Subsequently, in its March 15, 2002 opinion, the Kern County Superior Court also denied Petitioner's petition for writ of habeas corpus, this time on the ground that the petition was not properly verified. The court further found that because Petitioner had previously raised the ineffective assistance claim based on failure to advise regarding surgical castration, and failed to show any change in law or facts, he failed to make a prima facie case for relief. The court did, however, go ahead and consider the claim on the merits, stating in part as follows:

> Petitioner's conviction of violation of PC § 288(a) is not an offense listed under PC § 645(c). Further, PC § 645(a) does not affect sentencing, but essentially applies as a condition of parole. This statute does not discuss surgical castration with regards to <u>sentencing</u>. Therefore, voluntarily accepting surgical castration would not affect sentencing and is not recognized as a <u>sentencing alternative</u>. Therefore, PC § 645(a) was not available to Petitioner

6

and counsel was not deficient in failing to advise surgical castration as an option in sentencing.

Finally, Petitioner is obligated to state with particularity the facts on which relief is sought and to attach reasonably available documentary evidence that supporting [sic] his claim. People v. Duvall (1995) 9 Cal.4th 464, 474. Petitioner failed to present, nor can he present, any facts and/or documentary evidence that had counsel advised Petitioner of the possibility of surgical castration, that Petitioner at that time would have considered it <u>at that time</u> ( not after his conviction and/or sentence), that the district attorney would have agreed to that option, <u>and</u> that the Court, in its discretion, <u>would have</u> accepted that alternative. There mere fact that Petitioner may have accepted surgical castration fails to establish that the Court would have accepted the alternative. The Court would not have accepted such an option as there is no legal basis for using surgical castration as an alternative for sentencing.

Therefore, Petitioner's claim that he received ineffective assistance of counsel based on counsel's failure to advise him that surgical castration was an option/alternative for sentencing is an unsupported conclusory allegation that is insufficient to support the relief granted. <u>In re Swain</u> (1949) 34 Cal.2d 300, 303- 304.

As Petitioner failed to show as a demonstrable reality that he would have received a better result had counsel advise [sic] him that surgical castration was an option/alternative for sentencing, Petitioner has failed to prove prejudice as a result of any of counsel's actions.

The court has considered Petitioner's contention and finds it unpersuasive. In particular, the court finds meritless his claim that had he been informed of the "option" of voluntary surgical castration it is "reasonably probable" that Petitioner would have received a better sentence. There is no evidence to support that claim. The court finds, therefore, that Petitioner has failed to carry his burden of demonstrating that the adjudication of the claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d). Accordingly, this claim provides no basis for habeas corpus relief.

<u>Ineffective Assistance of Counsel for Failure to Advise Petitioner of Details of Plea Offer</u>

Petitioner contends that trial counsel was ineffective for failing to advise him of the details of a specific plea offer, and the improbability of being acquitted, along with the benefits of accepting a guilty plea with a reduced sentence. Petitioner states that during the plea-bargaining stage, his counsel conveyed to him that the district attorney was offering a plea based on 10 years in state prison. Petitioner claims that although trial counsel conveyed the plea offer, he never explained any other details of the offer, such as the number of counts to which Petitioner would be required to plead, or the number of victims that would be alleged. Petitioner further claims that the only advice counsel gave as to the plea offer was to state, "you don't want that, do you?" Petitioner contends that the lack of advice he received fell below acceptable professional standards and that had he been "properly advised," he would

have accepted the offer.

In its July 17, 2001 opinion denying Petitioner's petition for writ of habeas corpus, the Sacramento Superior Court held in part:

> Petitioner cites Alvernaz, supra, [In re Alvernaz (1992) 2 Cal.4th 924, 937] to support his claim that he was prejudiced by trial counsel's omissions regarding the extended plea bargain offer of 10 years imprisonment. However, Alvernaz particularly demonstrates and exemplifies how Petitioner's claim is unfounded. First, the court stated that "a defense attorney's simple misjudgment as to the strength of the prosecutions case, the chances of acquittal, or the sentence a defendant is likely to receive upon conviction, among other matters involving the exercise of counsel's judgment, will not, without more, give rise to a claim of ineffective assistance of counsel." (2 Cal.4th at 937.) Here, Petitioner's claim is based on nothing more than counsel's words suggesting that Petitioner reject the offer, counsel's assessment that the case was the "easiest such case he's ever had," and Petitioner's reliance on counsel's representations. Petitioner admits that counsel informed him of the maximum exposure risk if the case went to trial. Moreover, there is no evidence that such an offer was ever made, other than Petitioner's own statement. Alvernaz suggests that such claims are unreliable unless there is some sort of memorialization of the offer. (Id. at 938 - 39.) Petitioner acknowledges that he is unable to show that the trail court would have approved the offer as required by Alvernaz to show prejudice. (Petition at p. 20.) Finally, Alvernaz considered whether a "defendant's trial protestations . . . of complete innocence may detract from the credibility of a hindsight claim that a reject plea bargain would have been accepted had a single variable . . . been different."(2 Cal.4th at 940.) Here, the attached sentencing transcript shows that Petitioner maintained his innocence, even after conviction. His current claim that he would have accepted the plea offer of 10 years imprisonment, had counsel properly advised him of the risks of going to trial, is not credible. The petition fails to show either that counsel's conduct fell below a reasonable standard or that it prejudiced Petitioner.

The Sacramento County Superior Court addressed the same issue, holding:

> Petitioner failed to present, nor can he present, any facts and/or documentary evidence that had counsel advised Petitioner in specific detail all the factors of the plea bargain that Petitioner asserts he should have been told, that Petitioner at that time would have accepted the offer, that the district attorney would have agreed to that option, and that the Court, in its discretion, would have accepted the plea.
> Petitioner's claim only supports a finding that his counsel misjudged the strength of the prosecution's case, which is insufficient to establish that counsel's actions were deficient. In re Alvernaz (1992) 2 Cal.4th 924, 937.
> The mere fact that Petitioner may have accepted the plea does not establish that the Court would have accepted the alternative. "[A] defendant's self-serving statement – after trial, conviction, and sentence – that with competent advice he . . . *would* have accepted a proferred plea bargain, is insufficient in and of itself to sustain the defendant's burden of proof as to prejudice, and must be corroborated independently by objective evidence." Alvernaz at 938. Petitioner offers no independent corroborated objective evidence. In fact, Petitioner's claim at sentencing of his innocence (Sentencing transcript, 864/19-20) indicates that he would not have accepted an offer. Alvernaz at 940.
> Finally, Petitioner's statement that Court's [sic] rarely reject a plea bargain is insufficient to establish as a demonstrable reality that this Court would have approved that plea bargain. Alvernaz at 941.
> Therefore, Petitioner's claim that he received ineffective assistance of counsel based on counsel's failure to properly advise him as to the plea bargain is an unsupported conclusory allegation that is insufficient to support the relief granted. In re Swain (1949) 34 Cal.2d 300, 303-304.

8

     The court has reviewed Petitioner's arguments and the decision he cites in Nunes v. Mueller, 350 F.3d 1045, 1054 (9th Cir. 2003) (a defendant alleging ineffective assistance of counsel based on counsel's failure to inform him of a plea offer must only show a "reasonable probability" that he would have accepted the plea offer). The court finds that Petitioner has failed to carry his burden of showing the Sacramento Superior Court's rejection of this claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d). Accordingly, this claim provides no basis for habeas corpus relief.

<u>The Admission of Evidence re Petitioner's Prior Acts</u>

     Petitioner contends that the admission of evidence pursuant to Evidence Code Section 1108 of Petitioner's prior acts of sexual molestation violated his right to due process. Specifically, Petitioner claims that the prosecution introduced evidence of Petitioner's prior uncharged acts of child molestation and in closing argument, made reference to the prior acts to support an inference of Petitioner's propensity to commit the charged crimes.

     The Court of Appeal addressed this contention in Petitioner's direct appeal and specifically rejected it under People v. Falsetta (1999) 21 Cal.4th 903. Falsetta expressly holds that Evidence Code Section 1108 "does not violate the due process clause." Falsetta, 21 Cal.4th at p. 917-18. As Respondent argues, in analyzing an analogous Federal Rules of Evidence, the Ninth Circuit found that although the general ban on propensity evidence has existed for centuries, courts have "routinely allowed propensity evidence in sex-related cases, even while disallowing it in other criminal prosecutions." United States v. LeMay, 260 F.3d 1018, 1025 (9th Cir. 2001). Agreeing with the Eighth and Tenth Circuits, the Ninth Circuit concluded that admission of other acts evidence pursuant to Rule 414 did not violate due process, as long as the evidence was also subjected to the balancing test of Rule 403. Id. at 1026. Evidence Code Section 1108 contains an express requirement that courts balance the probative value of the evidence against its prejudicial effect. Falsetta, 21 Cal.4th at 917-18.

     After reviewing Petitioner's arguments regarding the requirement of proof beyond a reasonable doubt, the court finds that the general Supreme Court authorities cited by Petitioner do not prevail over the more specific Ninth Circuit ruling in LeMay. The court concludes, therefore, that Petitioner has

9

failed to carry his burden of demonstrating that the adjudication of the claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d). Accordingly, the court concludes that this claim presents no basis for habeas corpus relief.

Based on the foregoing, IT IS HEREBY ORDERED as follows:

1) The petition for writ of habeas corpus is DENIED;

2) The Clerk of the Court is directed to enter judgment for Respondent and to close this case.

IT IS SO ORDERED.

**Dated:   April 24, 2006**           /s/  William M. Wunderlich
mmkd34                                UNITED STATES MAGISTRATE JUDGE